**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN OF WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00762-AWI-DLB PC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>(ECF No. 8)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.  Background**

Plaintiff Zane Hubbard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on May 22, 2013.  (ECF No. 1.)  On April 23, 2014, the Court screened the complaint and dismissed it for failure to state a claim.  (ECF No. 7.)  Plaintiff was granted leave to file an amended complaint.  On May 8, 2014, Plaintiff filed a First Amended Complaint ("FAC").  (ECF No. 8.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of First Amended Complaint

Plaintiff was incarcerated at Wasco State Prison ("WSP") in Wasco, California and Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names the Warden of Wasco State Prison, Correctional Counselor Graves-Bank, Connie Gipson, Timothy Lockwood, Hirachetta, Dunn, Flores, Gentry and Drew as Defendants in this action.

Plaintiff alleges the following. Plaintiff complains that he is unlawfully convicted. He claims that he is a general population gang member who has been wrongfully housed in an SNY facility. Plaintiff states Defendants have done so even though Plaintiff has "SNY" enemy concerns, and this has resulted in various incidents including being shot at with a rubber bullet. Plaintiff states he has been transferred to the SNY facility because of his facial tattoos and his Mexican and Native American heritage.

Plaintiff further alleges that many officers have contacted his family members to gather humiliating information about his childhood to taunt him with. He claims the officers share this information with other inmates who also taunt him. He claims officers share his legal confidential mail with SNY enemy inmates, who falsify information about him, his conviction, and his alleged gang ties.

Plaintiff complains that authorities on a daily basis sexually harass him, claim they will sodomize him, advise him to kill himself, call him names, among other things. Plaintiff complains that authorities have shared his social security number, birth certificate, copyrights, naked pictures, and other things with SNY inmates in order to blackmail him.

Plaintiff alleges authorities opened legal confidential mail and withheld a letter in his C-File and kept him from attending court. He claims authorities have denied him his right to petition this misconduct, and have denied him his right to attend the law library.

Plaintiff claims that Officer Dunn attempted to cover up missing money. He claims Officers Hirachetta and Flores, Sheriff Gentry, Lieutenant Drew, Counselor Graves-Bank, and Warden Gipson have opened his legal mail, shared Plaintiff's personal information, withheld Plaintiff from attending court, and sexually harassed him.

### III. Analysis

#### A. Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

For the majority of Plaintiff's allegations, Plaintiff fails to identify any defendant and link that defendant to the participation of the violation at issue. Therefore, for those allegations, Plaintiff fails to state a claim.

#### B. First Amendment—Mail Interference

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a

"valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). In addition, the mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 910-11 (9th Cir. 2014); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

As with the original complaint, Plaintiff fails to state a claim for interference with his mail in his First Amended Complaint. Plaintiff alleges that Officers Hirachetta and Flores, Sheriff Gentry, Counselor Graves-Bank, and Warden Gipson opened his legal mail. Plaintiff however fails to make any specific allegations against defendants. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff makes no allegations as to how any individual defendant deprived him of his rights. Plaintiff states only that Defendants opened his mail and shared personal information with others. This is insufficient to state a cause of action. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Accordingly, Plaintiff fails to state a claim for interference with his mail.

C.   Due Process—Property Deprivation

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517,

4

533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an adequate post-deprivation remedy under California law, and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).   Accordingly, Plaintiff fails to state a due process claim for the loss of property.

### D. Eighth Amendment—Failure to Protect

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Id. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835.

Here, Plaintiff fails to state an Eighth Amendment claim against any defendants.  Plaintiff concludes that CDCR officials knew that housing him with "SNY" inmates placed him in jeopardy of physical harm.  However, Plaintiff fails to allege any facts as to how defendants knew and disregarded an excessive risk to Plaintiff's safety.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.

Farmer, 511 U.S. at 835.  Accordingly, Plaintiff fails to state an Eighth Amendment claim for failure to protect.

### E. Challenge to Conviction

Plaintiff also alleges that he is unlawfully convicted.  While a challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus.  28 U.S.C. § 2254(a); Badea v.Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973)); accord Beardslee v. Woodford, 395 F.3d 1064, 1068-69 (9th Cir. 2005) (per curiam).  Therefore, to the extent Plaintiff wishes to challenge his conviction, he must do so by filing a petition for writ of habeas corpus.

### F. Housing Status

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  Id. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In this instance, there is no support for a finding that Plaintiff has a protected liberty interest in being incarcerated at a particular correctional facility or on a particular yard level.  Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Plaintiff asserts that he is a general population inmate that is housed at a SNY

facility. That a higher security yard is more restrictive or houses more violent inmates is not sufficient, in and of itself, to demonstrate that it is a condition which imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. Id. Therefore, Plaintiff fails to state a due process claim.

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. See Iqbal, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3.     Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the second amended complaint; and

4.     If Plaintiff fails to comply with this order, the Court will dismiss this action for failure

1 to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 14, 2015**                               /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE