1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | Case No. 1:13-cv-00762 DLB PC |
| Plaintiff, | **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| WARDEN OF WASCO STATE PRISON, et al., | (ECF No. 10) |
| Defendants. | |

16  **I.    Background**

17       Plaintiff Zane Hubbard ("Plaintiff") is a prisoner in the custody of the California Department

18  of Corrections and Rehabilitation ("CDCR").   Plaintiff is proceeding pro se in this civil action

19  pursuant to 42 U.S.C. § 1983.   He consented to the jurisdiction of the Magistrate Judge on June 3,

20  2013.

21       Plaintiff filed his original complaint on May 22, 2013.  (ECF No. 1.)   On April 23, 2014, the

22  Court screened the complaint and dismissed it for failure to state a claim.  (ECF No. 7.)  On May 8,

23  2014, Plaintiff filed a First Amended Complaint ("FAC").  (ECF No. 8.)  On May 14, 2015, the

24  Court screened the FAC and dismissed it for failure to state a claim.  Plaintiff was granted leave to

25  file a Second Amended Complaint ("SAC").  On June 9, 2015, Plaintiff filed a SAC.  (ECF No. 10.)

26       The Court is required to screen complaints brought by prisoners seeking relief against a

27  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1),(2).

3        A complaint must contain "a short and plain statement of the claim showing that the pleader

4  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6  do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550

7  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

8  claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  While factual

9  allegations are accepted as true, legal conclusions are not.  *Id.*

10  **II.    Summary of Second Amended Complaint**

11        Plaintiff was incarcerated at Wasco State Prison ("WSP") in Wasco, California and Corcoran

12  State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred.

13  Plaintiff names the following Defendants in this action: President Barack Obama; California State

14  Legislator Anthony Calvin Williams; Pope Francis; Correctional Peace Officer Dunn; the Secretary

15  of Corrections; CDCR Chief Regulation and Policy Manager Timothy Lockwood; Governor

16  Edmund G. Brown; Plaintiff's mother Mechele S. Williams; Correctional Peace Officer Marmalejo;

17  Correctional Lieutenant T. Drew; and Warden Connie Gipson.

18        Plaintiff alleges the following. Plaintiff complains that he is unlawfully convicted.  He further

19  claims he is a gang member who has been wrongfully housed in a transitional housing unit even

20  though he does not qualify for such housing.  He alleges that CSP is transitional housing meant to

21  house only inmates that have volunteered to debrief, and Plaintiff has not volunteered to debrief.  He

22  claims he should be placed in general population since he is a validated gang member.  He alleges he

23  should not be placed in a disciplinary segregation unit in isolation because he is being deprived of all

24  privileges.

25        Plaintiff claims that Defendant Marmalejo deliberately housed him with a transitional housing

26  unit inmate, Noel Garcia, despite the fact that Garcia was not within Plaintiff's custody level.

27  Plaintiff alleges Defendant Marmalejo failed to abide by California regulations governing

28  assignments of inmates to cells.  Inmate Garcia was undergoing debriefing but Plaintiff was refusing

1    to undergo debriefing.  Because Plaintiff was a gang member and Garcia was undergoing debriefing,

2    Garcia  became  Plaintiff's  enemy.    The  housing  arrangement  resulted  in  a  physical  altercation

3    between  Plaintiff  and  Garcia.    The  altercation  resulted  in  Plaintiff's  placement  in  the  Secured

4    Housing Unit and validation as a gang member.  Plaintiff alleges Marmalejo was the cause.

5        Plaintiff  claims  that  Defendant  Gipson  has  allowed  employees  under  her  supervision  to

6    deprive him of all of his privileges, threatened his life, assaulted him, humiliated him, and harassed

7    him for the purpose of eliciting information from him.

8        Plaintiff  alleges  that  various  people,  including  President  Obama  and  Pope  Francis,  are

9    commanding him to join a prison gang called the Twenty-Fivers and be placed in protective custody

10   based on religious grounds.

11       Plaintiff claims that he has been forced into a "Stepdown Program" that is designed to provide

12   inmates with an opportunity to debrief or inform officers of illegal conduct.  Plaintiff alleges he was

13   told by Defendant Drew that he would not obtain any relief unless he debriefed.  He contends his

14   placement in this housing classification or transitional housing unit equates to holding his person for

15   the purpose of self-incrimination.

16       Plaintiff further claims his right to privacy has been breached by the broadcasting of personal

17   information with the intent to embarrass, degrade, and exploit him, during his stay in the transitional

18   housing  unit.    He  alleges  that  unnamed  Defendants  have  used  workgroup  technologies  with  the

19   permission of his family to publish, display, and transmit images of him in violation of his right to

20   privacy.    He  claims  that  the  images  contain  defamatory,  false,  obscene,  pornographic,  profane,

21   sexually harassing, threatening and discriminatory material.

22       Plaintiff claims there was an unauthorized seizure of money from his account by the Wasco

23   State Prison Accountant.  He alleges that Defendant Dunn of CSP went through the computer data

24   and deleted the transaction.  He claims the seizure of money was never recovered.

25       Plaintiff alleges that Defendants and their co-workers repeatedly slander and threaten him.  He

26   contends  that  Defendants  have  slandered  his  facial  tattoos  and  his  Mexican-Native  American

27   heritage.  He claims Defendants are motivated by racial discrimination.  Plaintiff claims Defendant

28   Drew has threatened to sodomize him and to "debrief or die."

1    Plaintiff claims that he is being electronically surveilled in his cell by Defendants Lockwood,

2    Brown, Williams, Gipson, Pope Francis, and President Obama.  He claims Defendants surveil his

3    daily activities in a degrading manner and publicize the events with intent to humiliate him into

4    debriefing.

5    **III.   Analysis**

6        A.        Eighth Amendment Claims

7        Plaintiff alleges Defendant Marmalejo deliberately housed him with a transitional housing

8    unit inmate despite the fact that the inmate was not of the same custody level.  Plaintiff states he was

9    refusing to undergo debriefing and was placed in a cell with an inmate who was being debriefed.

10   Because Plaintiff was choosing to remain a gang member while the other inmate was choosing to

11   debrief and withdraw from gang membership, Plaintiff claims this created an issue of incompatibility

12   which led to a physical altercation.   Plaintiff alleges that Defendant Marmalejo knew of the

13   incompatibility and made the housing assignment regardless of the issue.

14       Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

15   clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

16   2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

17   prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

18   2006) (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show

19   that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.

20   E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d

21   1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan,

22   465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

23       Plaintiff has not sufficiently linked Defendant Marmalejo to knowledge and disregard of

24   housing conditions grave enough to support a claim under the Eighth Amendment.  Plaintiff cites

25   only the fact that he was refusing to debrief and his cellmate was not.  This fact alone does not

26   demonstrate an excessive risk to Plaintiff's safety.  Also, mere negligence on the part of the prison

27   official is not sufficient to establish liability, but rather, the official's conduct must have been

28

4

wanton.  <u>Farmer</u>, 511 U.S. at 835.  There are no allegations showing Defendant Marmalejo's actions were done in wanton disregard for Plaintiff's safety.

### B.   Challenge to Conviction

As before, Plaintiff alleges that he is unlawfully convicted.  While a challenge to conditions of confinement is properly raised in a civil rights action, a challenge to the fact and/or the duration of confinement must be raised in a petition for writ of habeas corpus.  28 U.S.C. § 2254(a); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973)); <u>accord</u> <u>Beardslee v. Woodford</u>, 395 F.3d 1064, 1068-69 (9th Cir. 2005) (per curiam).  Therefore, to the extent Plaintiff wishes to challenge his conviction, he must do so by filing a petition for writ of habeas corpus.

### C.   Housing Status

Plaintiff again alleges that he should be in general population and not in a segregated housing unit.  He further claims he has been advised that he must go through debriefing in order to gain placement in a less restrictive housing status. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake.  <u>Id</u>. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  <u>Id</u>.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, <u>id</u>. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, <u>id</u>. at 222-23 (citing <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  <u>Wilkinson</u>, 545 U.S. at 221 (citing <u>Sandin</u>, 515 U.S. at 484) (quotation marks omitted); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

Again, there is no support for a finding that Plaintiff has a protected liberty interest in being incarcerated at a particular correctional facility or on a particular yard level.  <u>Myron</u>, 476 F.3d at

718; <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976).   That a higher security yard is more restrictive or houses more violent inmates is not sufficient, in and of itself, to demonstrate that it is a condition which imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life.   <u>Id</u>.   Therefore, Plaintiff fails to state a due process claim.

As to Plaintiff's placement in segregated housing, the assignment of validated gang members and associates to a secured housing unit is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion."   <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting <u>Munoz v. Rowland</u>, 104 F.3d 1096, 1098 (9th Cir. 1997)); <u>accord</u> <u>Castro</u>, 712 F.3d at 1310.   Considering Plaintiff's allegations in his SAC concerning his placement in segregated housing, Plaintiff did not have a protected liberty interest at stake and he may not pursue a due process claim arising from that event.   <u>Resnick v. Hayes</u>, 213 F.3d 443, 448-49 (9th Cir. 2000); <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997).

D.   <u>Miscellaneous Conclusory Allegations</u>

Plaintiff also raises a number of allegations that are conclusory or fanciful.   Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.   <u>Iqbal</u>, 556 U.S. at 676-77; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams,</u> 297 F.3d 930, 934 (9th Cir. 2002).   Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist.   <u>Iqbal</u>, 556 U.S. at 676-77; <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Plaintiff claims that Defendant Gipson allowed her employees under her supervision to deprive him of all of his privileges, threatened his life, assaulted him, humiliated him, and harassed him.   Plaintiff submits no factual support for these conclusory allegations, and he fails to allege how Defendant Gipson was responsible for such actions.   As noted above, liability may not be imposed solely on the basis of *respondeat superior*.

6

Plaintiff alleges his privacy rights were breached by the broadcasting, publishing and displaying of his personal information and images that were defamatory, false, obscene, pornographic, profane, sexually harassing, threatening, and discriminatory. He does not name any Defendants, but claims his mother is somehow involved.  He further alleges that various people including President Obama and Pope Francis are commanding him to join a prison gang.  He also claims that unnamed Defendants have slandered him based on his facial tattoos and Mexican-Native American heritage.  Plaintiff claims that Defendant Drew has threatened to sodomize him.  Also, Plaintiff claims that an unauthorized seizure of money took place at Wasco State Prison.  He then claims that Defendant Dunn at CSP went through computer data and deleted the transaction.  He offers no details on the transaction such as when it occurred, what was seized, and by whom. Finally, he claims he is being electronically surveilled by Defendants Lockwood, Brown, Williams, Gipson, Pope Francis, and President Obama in violation of his rights in order to humiliate him into debriefing.  Plaintiff's several allegations are entirely conclusory.  In addition, the Court is not required to accept fanciful or otherwise implausible allegations such as his allegations that President Obama and Pope Francis are electronically surveilling him or commanding him to join a prison gang.  See Dahlia v. Rodriguez, 735 F.3d 1060, 1076 (9th Cir. 2013), *cert. denied*, 134 S.Ct. 1283 (2014); Blantz v. California Dep't of Corr. and Rehab., 727 F.3d 917, 920 (9th Cir. 2013).

///
///
///
///
///
///
///
///
///
///
///

**IV.** **Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants.  Plaintiff was previously provided with multiple notices of the deficiencies and opportunities to amend, and based on the nature of the deficiencies at issue, further leave to amend is not warranted.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that the Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  This constitutes a strike within the meaning of 28 U.S.C. § 1915(g).

<u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

Dated:  __**April 20, 2016**__                    _____**/s/ Sandra M. Snyder**_____
                                                                    UNITED STATES MAGISTRATE JUDGE